```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAMANTHA SEELEY,

                        Plaintiff,

v.                                                      1:11-CV-0757
                                                        (GTS)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____
```

APPEARANCES:                                            OF COUNSEL:

SAMANTHA SEELEY
  Plaintiff, Pro Se
1337 Wagners Hollow Rd.
St. Johnsville, NY 13452

U.S. SOCIAL SECURITY ADMIN.                             AMANDA J. LOCKSHIN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza
New York, NY 10278

HON. GLENN T. SUDDABY, United States District Judge

## **MEMORANDUM-DECISION and ORDER**

Currently before the Court, in this Social Security action filed by Samantha Seeley

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner")

pursuant to 42 U.S.C. §§ 405(g) and 1383(c), is Defendant's unopposed motion for judgment on

the pleadings. (Dkt. No. 19.) For the reasons set forth below, Defendant's motion is granted.

## I.     RELEVANT BACKGROUND

### A.     Procedural History

On May 30, 2007, Plaintiff applied for Supplemental Security Income. Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On August 12, 2009, Plaintiff appeared, pro se, before the ALJ. (T. 24-45.) The ALJ advised Plaintiff of her right to be counseled by an attorney or some representative, but Plaintiff waived that right. (T. 26.) The ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act on October 29, 2009. (T. 15-23.) Thereafter, Plaintiff sought Appeals Council review, with assistance of an attorney. (T. 8.) On May 5, 2011, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-5.) Thereafter, Plaintiff, again appearing pro se, timely sought judicial review in this Court. On July 7, 2011, the Court issued Plaintiff a copy of this Court's General Order 18, governing the procedural rules with respect to Social Security appeals.

In accordance with General Order 18, Defendant timely filed an Answer and certified copy of the transcript of administrative proceedings, both of which were delivered to Plaintiff by regular mail. Plaintiff thereafter failed to timely file her brief, despite receiving an extension of the filing deadline and notice that failure to file by the extended date could result in her case being dismissed. Therefore, the Court directed Defendant to file his brief, after which it would decide Plaintiff's appeal in accordance with General Order 18.

Pursuant to General Order 18, plaintiffs are notified that "the failure to file a brief as required by this order will result in the consideration of this appeal without the benefit of

plaintiff's arguments and may result in a decision heavily influenced by the commissioner's version of the facts and subsequent dismissal of your appeal." N.D.N.Y. General Order 18.

B.     **Factual Background**

Plaintiff was born on June 20, 1977. She completed regular education through the 8th grade, and was unable to obtain a GED. Plaintiff is able to read and write English. During her life, Plaintiff has had limited work experience, the most recent of which was summer employment at an ice cream store. Generally, Plaintiff's alleged disability consists of spondylolisthesis, morbid obesity, degenerative bone disease, severe asthma, posttraumatic stress disorder, and water retention. Her alleged disability onset date is September 4, 2004.

C.     **The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 17-23.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. (T. 17.) Second, the ALJ found that Plaintiff's morbid obesity, degenerative disc disease, asthma and post-traumatic stress disorder are severe impairments. (T. 17-18.) Third, the ALJ found that Plaintiff's impairments did not meet or medically equal one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 18-19.) The ALJ considered listings 1.04, 3.03 and 12.06. (*Id*.) Fourth, the ALJ found that Plaintiff

> has the residual functional capacity [("RFC")] to lift and/or carry 10 pounds occasionally, sit six hours in an eight-hour day, stand and/or walk two hours in an eight-hour day, and push and/or pull 10 pounds occasionally. She can occasionally climb and bend, and should avoid concentrated exposure to respiratory irritants. [Plaintiff] can understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting.

3

(T. 19-22.) Fifth, and finally, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in the national economy that she can perform, and therefore, she is not disabled under the Social Security Act. (T. 22-23.)

## II. DEFENDANT'S BRIEFING ON HIS MOTION FOR JUDGMENT ON THE PLEADINGS

In support of his motion for judgment on the pleadings, Defendant makes four arguments. First, Defendant argues that the ALJ properly evaluated Plaintiff's residual functional capacity. (Dkt. No. 19 at 15-18) [Def.'s Mem. of Law].) Second, Defendant argues that the ALJ properly considered Plaintiff's subjective symptoms. (*Id.* at 18-19.) Third, Defendant argues that the ALJ properly determined that Plaintiff was not disabled. (*Id.* at 19-20.) Fourth, and finally, Defendant argues that the evidence Plaintiff submitted to the Appeals Council does not warrant remand. (*Id.* at 20-21.)

## III. Relevant Legal Standard

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process.

*See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

As an initial matter, the Court acknowledges that it may dismiss an action where, as here, "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order...." FED. R. CIV. P. 41(b); *Storey v. O'Brien*, No. 10-3303, 2012 WL 1889408, at *1 (2d Cir. May 25, 2012). Further, there is authority to support the sua sponte dismissal of a Social Security appeal due to a pro se plaintiff's failure to prosecute. *See Gonzalez v. Commissioner of Social Security*, No. 09-CV-10179, 2011 WL 2207574, at *2 (S.D.N.Y. June 2, 2011). However, the Court declines to do so in this case. Instead, because the Court finds that substantial evidence supports the Commissioner's decision that Plaintiff is not disabled under the Social Security Act, Defendant's motion for judgment on the pleadings is granted on the merits.

After a careful review of the administrative record on appeal, the Court finds, for the reasons stated in Defendant's memorandum of law, that (1) the ALJ properly evaluated Plaintiff's residual functional capacity, (2) the ALJ properly considered Plaintiff's subjective symptoms, (3) the ALJ properly determined that Plaintiff was not disabled, and (4) the evidence Plaintiff submitted to the Appeals Council does not warrant remand. (Dkt. No. 19 at 15-21) [Def.'s Mem. of Law].)

**ACCORDINGLY**, there being substantial evidence to support the Commissioner's decision that Plaintiff is not disabled under the Social Security Act, it is

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 19) is **GRANTED**, and the Complaint is **DISMISSED** in its entirety with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

Dated: October 26, 2012
 Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge